**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4091-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DECTRIC J. RAWLS, a/k/a
JERMAINE JEFFERSON,
LO LO, DETRIC RAWLS,
DETRIC J. RAWLS, and
DETRICK J. ROSS,

    Defendant-Appellant.

_____

> Submitted May 28, 2020 – Decided June 29, 2020
>
> Before Judges Haas and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 10-04-0705.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff

Gochman, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Dectric Rawls appeals from the February 26, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons expressed in Judge James J. McGann's comprehensive oral opinion of February 15, 2019.

In 2010, defendant and twenty-one codefendants were indicted for various drug-related offenses based on their participation in a large-scale heroin trafficking ring. Defendant was charged with second-degree conspiracy to distribute a controlled dangerous substance (heroin), N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5b(2) (count one); second-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5b(2) (count two); second-degree distribution of heroin, N.J.S.A. 2C:35-5b(2) (count three); third-degree possession of heroin, N.J.S.A. 2C:35-10a(l) and N.J.S.A. 2C:2-6 (count five); first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 (count six); third-degree possession of heroin, N.J.S.A. 2C:35-10a(l) (count forty-six); second-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-

5b(2) (count forty-seven); and second-degree possession of a firearm in the course of committing a drug offense, N.J.S.A. 2C:39-4.la (count forty-eight).

In 2011, defendant moved to dismiss the indictment and his application was denied. He then moved to suppress evidence seized by police pursuant to several Communication Data Warrants (CDWs) and wiretap authorizations. That suppression motion, too, was denied. On April 3, 2012, the plea cutoff date, defendant rejected a conditional plea offer of a twenty-five year custodial term with a twelve and one-half year parole ineligibility period. A few weeks later, when the trial was scheduled, defendant appeared before the trial court and entered an unconditional, open-ended guilty plea to the eight charges pending against him, including the first-degree charge. By doing so, defendant did not waive his right to file an appeal from the trial court's denial of his pretrial motions.

In August 2012, defendant was sentenced to life in prison, subject to a twenty-five-year parole ineligibility period, for the first-degree leader of a narcotics trafficking network charge (count six). Additionally, the judge imposed a consecutive eight-year term with a four-year parole ineligibility period on the second-degree possession of a firearm charge (count forty-eight).

A-4091-18T2

The sentencing judge dismissed the remaining charges per the State's motion and imposed appropriate fines and penalties.

Defendant, along with two of his codefendants, filed a direct appeal. Defendant challenged the denials of his motion to dismiss and the suppression motion. He also argued the conditional plea process was defective, his motion to withdraw from his open-ended guilty plea should have been granted, he was denied the right to effective assistance of counsel, and his sentence was excessive. Moreover, defendant joined in the arguments of his codefendants to the extent they were "not inconsistent with [his] arguments." In 2016, we affirmed defendant's conviction and sentence. State v. Rawls, A-1984-12 (App. Div. Feb. 5, 2016).

In December 2016, defendant filed a timely PCR petition, arguing his trial counsel was ineffective and that he was entitled to an evidentiary hearing. On February 15, 2019, Judge McGann heard arguments regarding defendant's PCR petition. After extensively addressing each of defendant's arguments, the judge denied his PCR petition without an evidentiary hearing. The judge executed an order on February 26, 2019 confirming his decision.

A-4091-18T2

On appeal, defendant raises the following arguments for our consideration:

POINT I

AS [DEFENDANT] HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS PETITION FOR [PCR] WITHOUT HOLDING AN EVIDENTIARY HEARING.

(1)  Trial counsel failed to accurately advise his client about the collateral consequences of entering an open-ended plea.

(2)  Trial counsel failed to adequately investigate and prepare the case.

(3)  [Defendant] waived his right to file a minimization motion due to trial counsel's erroneous legal advice.

(4)  Trial counsel failed to properly review discovery to locate phone records which would have supported the suppression motion and the motion to dismiss the indictment.

(5)  Counsel's cumulative errors denied his client effective legal representation

POINT II

AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

5

Defendant's pro se brief adds the following arguments:

POINT I

[DEFENDANT] HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS [PCR] WITHOUT HOLDING AN EVIDENTIARY HEARING. (ADDENDUM)

(a) Trial counsel failed to accurately advise his client about the collateral consequences of entering an open-ended plea, not advising [defendant] that preserving his pre-trial motion to dismiss the indictment in exchange for a guilty plea was not dispositive in gaining finality of his case altogether.

(b) Trial counsel failed to inform [defendant] that the motion to dismiss the indictment was not "dispositive[,]" which counsel failed to inform [defendant] that the motion would not dispose [of] the case.

(c) The [trial court] erred in not determining that defendant established a prima facie case to award [him] an evidentiary hearing on the ineffective assistance rendered when trial counsel misadvised defendant of the collateral consequence prior to accepting the plea.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the

6

A-4091-18T2

record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a "fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel.

He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, and agree with Judge McGann's assessment that defendant failed to present a prima facie claim of ineffective assistance of counsel warranting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4091-18T2